1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:23-CR-027-ART-CSD |
| Plaintiff, | **ORDER GRANTING** |
| v. | **Government's Unopposed Motion for Entry of the Proposed Preliminary Order of Forfeiture** |
| MICHAEL GALLOWAY, aka "Washoe Mike," | |
| Defendant. | |

The United States of America respectfully moves this Court to enter the proposed Preliminary Order of Forfeiture[1] based on Michael Galloway's, aka "Washoe Mike," plea of guilty to Counts One through Four of the Four-Count Criminal Indictment.[2]

The grounds for entering the Preliminary Order of Forfeiture are as follows. First, the government provided proper notice to Galloway with the forfeiture allegations in the Criminal Indictment.[3] Second, as soon as practical after the guilty plea, this court should enter the Preliminary Order of Forfeiture. Third, when the United States establishes the requisite nexus between the specific forfeited assets and the offenses to which the defendant plead guilty, the district court enters the order forfeiting the specific assets. Fourth, Galloway has not opposed this Motion. If Galloway requests a hearing, this Court must provide it.

---

[1] Exhibit 1-Proposed Preliminary Order of Forfeiture.
[2] Criminal Indictment (Indictment), ECF No. 16.
[3] Indictment, ECF No. 16.

This motion is made and is based on the pleadings and papers on file herein and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF CASE

On July 8, 2024, Galloway pled guilty to Counts One through Four of a Four-Count Criminal Indictment charging him in Counts One through Three with distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and in Count Four with possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and with forfeiture allegations under 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(2); 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 924(d)(1), (2)(C), and (3)(B) with 28 U.S.C. § 2461(c).

On or about June 29, 2023, Galloway knowingly and intentionally possessed with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On that same day, police executed a search warrant at Galloway's address. Located among or near the drug paraphernalia were the following firearms: Smith & Wesson Revolver model 36, S/N AEY2890; Colt Mark IV .45 cal S/N SS16216E; Smith & Wesson .38 SPL S/N DBE3051; MFT Rifle with Scope S/N EPG16V2; Beretta 22 mm S/N P86953; Winchester .44 Lever action rifle S/N 5467454; Norinco Black rifle 7.62 with scope S/N 11519011; Browning 12 gauge shotgun S/N 83018; and UZI Semi auto Model A, 9mm Para IMI-ISRAEL S/N SA18133. The firearms were used by Galloway to facilitate drug transactions.

### II.    ARGUMENT

#### A.    The Government Provided the Required Notice of Forfeiture in the Indictment.

Rule 32.2 of the Federal Rules of Criminal Procedure outlines the criminal forfeiture procedures as related to criminal statutes. The indictment or information must include forfeiture allegations according to the applicable criminal statute as the constitutionally

required notice to the defendant that the government intends to seek forfeiture as part of the sentence. Fed. R. Crim. P. 32.2(a).[4] The government provided the constitutionally required notice in the Criminal Indictment with forfeiture allegations for the specific property.[5]

**B.     As Soon as Practical After the Guilty Plea, this Court Should Enter the Preliminary Order of Forfeiture.**

Under Fed. R. Crim. P. 32.2(b)(1)(A), "As soon as practical… after a plea of guilty … is accepted, on any count in an indictment … regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute."[6] "If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense."[7] Requisite nexus is shown when "the evidence established … that the [property] was used in carrying out [the defendant's] offenses."[8]

The government seeks to forfeit the property found in the possession of Galloway when the police executed a search warrant at Galloway's address. The property was found located among or near the drug paraphernalia. "If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture… directing the forfeiture of specific property… if the government has met the statutory criteria."[9] "The court's determination may be based on evidence already in the record, including any written plea

---

[4] *See also United States v. Lo*, 839 F.3d 777, 790-91 (9th Cir. 2016) (explaining a forfeiture allegation provides notice to support a forfeiture order).

[5] Indictment, ECF No. 16.

[6] Fed. R. Crim. P. 32.2(b)(1)(A) (ellipses added); *See also United States v. Newman*, 659 F.3d 1235, 1242 (9th Cir. 2011).

[7] Fed. R. Crim. P. 32.2(b)(1)(A); *United States v. Mancuso*, 718 F.3d 780, 799 (9th Cir. 2013) ("The government … must prove, by a preponderance of the evidence, a nexus between the property and the crime.") (quoting *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1149 (9th Cir. 2011)).

[8] *United States v. Green*, 516 F. App'x 113, 135 (3d Cir. 2013) (brackets and ellipsis added); *see also United States v. Shanholtzer*, 492 F. App'x 798, 799 (9th Cir. 2012) (stating that evidence that shows the property was used to violate the crime meets the requisite nexus requirement); *United States v. Garcia-Guizar*, 160 F.3d 511, 517-18 (9th Cir. 1998) (citations and quotation marks omitted) (holding "the government need prove by only preponderance of the evidence, and not beyond a reasonable doubt, that property should be criminally forfeited. This burden of proof is constitutional because the criminal forfeiture provision does not itself describe a separate offense but is merely an additional penalty for an offense that must be proved beyond a reasonable doubt.").

[9] Fed. R. Crim. P. 32.2(b)(2)(A) (ellipses added).

agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."[10]

The Preliminary Order of Forfeiture must be entered as soon as possible to meet the requirements under Fed. R. Crim. P. 32.2. "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)."[11] The government requests entry of the Preliminary Order of Forfeiture, forfeiting specific property, allowing Galloway, if he wishes, to suggest revisions before he is sentenced.

**C.    The property in the proposed Preliminary Order of Forfeiture Should be Forfeited.**

If the Court determines the government has demonstrated the requisite nexus between the property and the violation, under Fed. R. Crim. P. 32.2(b)(1), then the property in the proposed Preliminary Order of Forfeiture should be forfeited.

The property in the proposed Preliminary Order of Forfeiture is (1) any firearm or ammunition involved in or used in any violation of any other criminal law of the United States, 21 U.S.C. § 841(a)(1); (2) any firearm or ammunition intended to be used in any offense punishable under the Controlled Substances Act, 21 U.S.C. § 841(a)(1); (3) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of 21 U.S.C. § 841(a)(1); and (4) any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1) and 881(a)(2), in violation of 21 U.S.C. § 841(a)(1) and any proceeds traceable to such property and is subject to forfeiture under 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 18 U.S.C. § 924(d)(1), (2)(C), and (3)(B) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(2); and 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c).

/ / /

---

[10] Fed. R. Crim. P. 32.2(b)(1)(B); *Newman*, 659 F.3d at 1244-45.
[11] Fed. R. Crim. P. 32.2(b)(2)(B).

In this case, Galloway plead guilty to distributing a controlled substance and to being in possession of a controlled substance with intent to distribute a controlled substance. The property in the proposed Preliminary Order of Forfeiture was found in proximity of the drugs and other drug paraphernalia. The property found with the controlled substance was involved in, used, or was intended to be used in drug transactions. Therefore, the property should be forfeited as to the defendant and the Preliminary Order of Forfeiture entered under 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 18 U.S.C. § 924(d)(1), (2)(C), and (3)(B) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(2); and 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c) since the government has shown a requisite nexus between the property and the distribution of a controlled substance and possession of a controlled substance with intent to distribute.

**III. CONCLUSION**

For the following reasons, this Court should enter the proposed Preliminary Order of Forfeiture: (1) the government provided proper notice to Galloway with the forfeiture allegations in the Criminal Indictment, (2) as soon as practical after the guilty plea, this court should enter the Preliminary Order of Forfeiture, (3) the United States established the requisite nexus between the specific forfeited assets and the offenses to which the defendant plead guilty, and (4) Galloway does not oppose this Motion. If Galloway requests a hearing, this Court must provide it.

Dated: September 16, 2024.

JASON M. FRIERSON
United States Attorney


 /s/  Misty L. Dante
MISTY L. DANTE
Assistant United States Attorney
ANDOLYN JOHNSON
Assistant United States Attorney

IT IS SO ORDERED.

DATED: September 18, 2024

Anne R. Traum
United States District Judge

5